**WO**                                                                                    SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosario Hernandez, | ) No. CV 08-0245-PHX-MHM (ECV) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Director Dora Schriro, et al., | ) |
| Defendants. | ) |

Plaintiff Rosario Hernandez, who is confined in the Arizona State Prison, Eyman-Special Management Unit I (SMU I) in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1.)[1]  The Court will dismiss the Complaint with leave to amend.

**I.       Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $18.38.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

---

[1]  "Doc.#" refers to the docket number of filings in this case.

JDDL-K

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim with leave to amend because the Complaint may possibly be saved by amendment.

## III.     Complaint

Plaintiff alleges six counts for relief for unconstitutional conditions of confinement, deprivation of due process, threats to safety, and retaliation.  He sues numerous defendants who are all employed by the Arizona Department of Corrections (ADC), including ADC Director Dora Schriro and Warden of Regional Operations, Bennie Rollins.  In addition, he sues the following ADC staff, who are all employed at the Eyman-SMU I Complex:  Warden R. Stewart; Deputy Warden James Arnold; Assistant Deputy Warden Jackie Marsh; Complex Chief of Security, Captain B. Schitter; Complex Chief of Operations, F. Burch; Security Operations Lieutenant Scott; Corrections Officers M. Wrona and J.T. Neal; and Corrections Officer and Laundry Supervisor, Robert Jacquez.  Plaintiff seeks injunctive relief.

## IV.     Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state

law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  Further, a "'plaintiff generally must assert his own legal rights and interests, and cannot assert the legal rights or interests of third parties.'"  Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.    Failure to State a Claim Based on Violations of ADC Policies

Plaintiff alleges that Defendants have violated his constitutional rights by failing to enforce or comply with ADC policies and procedures.  The mere failure to enforce or comply with prison policies or procedures is not, absent additional facts, sufficient to state a claim under § 1983.  Rather, a plaintiff must allege facts to support that the acts or omissions by particular officers violated the plaintiff's constitutional rights.  Thus, to the extent that Plaintiff alleges his constitutional rights were violated by the mere failure to enforce or comply with ADC policies and procedures, Plaintiff fails to state a § 1983 claim.

### B.    Failure to Allege Facts Connecting Defendants to Violations

A defendant is liable only if he or she "play[ed] an affirmative part in the alleged deprivation of constitutional rights."  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).  In a defendant's individual capacity, this means that a plaintiff "must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  In a defendant's official capacity, this means that a plaintiff must set forth facts to support that a defendant either created or acted pursuant to an official policy or custom that caused the plaintiff's constitutional injury.  See Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)).  Because there is no respondeat superior liability under § 1983, a defendant's position as the supervisor of a person who allegedly violated a plaintiff's constitutional rights does not impose liability on the supervisor.  See

1  Monell, 436 U.S. at 694; Taylor, 880 F.2d at 1045.  "A supervisor is only liable for

2  constitutional violations of his subordinates if the supervisor participated in or directed the

3  violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at

4  1045.

5  Plaintiff fails to allege facts to connect Defendants Schriro, Rollins, Stewart, Arnold,

6  Marsh, Schitter, Burch, Neal, Wrona, and Scott to any alleged constitutional violation;

7  instead, he predicates liability against them on *respondeat superior*.  Plaintiff has not set

8  forth when, where or how these Defendants either directly violated his constitutional rights

9  or knew that his constitutional rights were being violated, but failed to act.  For that reason,

10  Plaintiff fails to state a claim against these Defendants.

11  **C.    Count I**

12  In Count I, Plaintiff alleges Defendants Schriro, Rollins, Stewart, Arnold, Marsh,

13  Schitter, Burch, Neal, Wrona and Scott violated his due process and equal protection rights

14  by indefinitely confining him to SMU I, a maximum security lock-down unit.  Plaintiff

15  alleges that he is a protective segregation inmate with a lower custody score than that for

16  SMU I inmates.  He alleges that Defendants refuse to transfer him to a lower level custody

17  facility, where he would have greater opportunities and privileges, because inmates at those

18  facilities are on Plaintiff's "do not house with" (DNHW) list.  Plaintiff maintains that he does

19  not have any "known issues" with the inmates, that he knows who the inmates are, and that

20  he has not asked to have inmates on his DNHW list.  According to Plaintiff, Defendants "are

21  not using any fact finding measures to investigate or allow Plaintiff to know who the

22  prisoners are, why they are placed on his (DNHW) list or even to challenge the validity of

23  these placements."  (Doc.# 1 at 3.)

24  **1.    Due Process**

25  A prisoner may challenge a state action that does not restrain a protected liberty

26  interest, but which "nonetheless imposes atypical and significant hardship on the inmate in

27  relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484

28  (1995).  In analyzing whether the hardship is atypical and significant, three considerations

1   are:  (1) the conditions of confinement; (2) the duration of the condition(s) and the degree of

2   restraint(s) imposed; and (3) whether the sanction will affect the duration of the prisoner's

3   sentence.  Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003); Keenan v. Hall, 83 F.3d

4   1083, 1088-89 (9th Cir. 1996), op. amended, 135 F.3d 1318 (1998).  "As long as the

5   conditions or degree of confinement to which the prisoner is subjected is within the sentence

6   imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause

7   does not in itself subject an inmate's treatment by prison authorities to judicial oversight."

8   Montanye v. Haymes, 427 U.S. 236, 242 (1976).  Thus, "[t]ypically, administrative

9   segregation in and of itself does not implicate a liberty interest."  Serrano v. Francis, 345

10  F.3d 1071, 1078 (9th Cir. 2003) (collecting decisions).  Similarly, placement in a special

11  housing unit for 70 days pending a disciplinary hearing did not trigger procedural due

12  process where the inmate failed to allege that conditions in disciplinary segregation were

13  materially different from discretionary segregation or that the conditions in disciplinary

14  segregation were a major disruption from the conditions in general population.  Resnick v.

15  Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (stating "so far as we know from his complaint,

16  Plaintiff's placement and retention in the [special housing unit] were 'within the range of

17  confinement to be normally expected' by prison inmates 'in relation to the ordinary incidents

18  of prison life,'" quoting Sandin, 515 U.S. at 486-87).  An inmate's claim also failed where

19  placement in administrative segregation pending a disciplinary hearing fell within the terms

20  of confinement ordinarily contemplated by his sentence and there were no allegations to

21  show that the conditions in the segregation unit were unconstitutional.  May v. Baldwin, 109

22  F.3d 557, 565 (9th Cir. 1997); see also Austin v. Terhune, 367 F.3d 1167 (9th Cir. 2004)

23  (placement in administrative segregation for six weeks did not raise due process concerns).

24       Plaintiff alleges that he is being indefinitely confined to SMU I, despite being

25  classified at a lower custody level because inmates on his DNHW list are confined in the

26  lower custody level facilities where Plaintiff might otherwise be confined.  Plaintiff does not

27  allege facts to support that particular conditions in SMU I are unconstitutional or that he is

28  being held indefinitely in SMU I for disciplinary reasons.  For that reason, he fails to allege

facts to support that his confinement in SMU I violates his due process rights.

## 2.   Equal Protection

Plaintiff also asserts that his equal protection rights are being violated because he is treated differently than other similarly-situated protective segregation inmates, i.e., protective segregation inmates with the same custody classification.  The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  U.S. Const., amend. XIV; see City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985).  A state practice that interferes with a fundamental right or that discriminates against a suspect class of individuals is subject to strict scrutiny.  Massachusetts Bd. of Ret. v. Murgia, 427 U.S. 307, 312 (1976); Hydrick v. Hunter, 466 F.3d 676, 700 (9th Cir. 2006).  Absent allegations that he is a member of a suspect class, or that a fundamental right has been violated, a plaintiff must allege facts to support that he has been intentionally treated differently from others who are similarly situated without a reasonable basis therefor.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Conclusory allegations do not suffice.  See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

Plaintiff alleges that he is a protective segregation inmate; however, protective segregation inmates are not a suspect class.  While Plaintiff alleges that he is held in SMU I unlike some other similarly-classified protective segregation inmates, he fails to set forth that his placement therein is unreasonable; he acknowledges that he is held in SMU I due to potential conflicts with protective segregation inmates held in lower level facilities.  Plaintiff therefore fails to state an equal protection violation.

## D.   Count II

In Count II, Plaintiff alleges that Defendants Schriro, Rollins, Stewart, Arnold, Marsh, Schitter, Burch, and Scott--as supervisors responsible for enforcing ADC policies and procedures--have abrogated their duty to protect inmate health by sanctioning the use of electric trimmers and shavers, rather than disposable razors in SMU I.  Plaintiff contends that

SMU I inmates are required to use electric hair trimmers and shavers, which cause cuts and nicks, without being adequately cleaned before being passed to the next inmate.  Plaintiff, who has hepatitis, alleges this procedure may expose him to HIV or other serious infections.

Jail officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  To establish a violation, an inmate must allege facts supporting that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to the inmate's safety.  Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).  To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant official knew of an excessive risk to inmate safety, but disregarded the risk.  Farmer, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."  Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

Plaintiff sufficiently alleges facts to support that the shared use of electric trimmers and shavers that cause cuts and nicks potentially may expose him to serious illnesses.  Plaintiff fails, however, to allege facts to support that any Defendant has acted with deliberate indifference to such risk.  Plaintiff has not alleged facts to support that any Defendant knew the practice posed an excessive risk to inmate health and disregarded such risk.  For this reason, Plaintiff fails to state a claim for threats to his safety.

### E.    Count III

In Count III, Plaintiff alleges that Defendants Schriro, Arnold, Stewart, Marsh, Schitter, Burch, Scott, Wrona, and Jacquez enforce a practice of denying additional clothing during winter for outdoor recreation to indigent inmates.  According to Plaintiff, indigent inmates must either purchase clothing, such as sweatshirts or pants, or forego outdoor

1   recreation.[2]  The only facts alleged against any particular Defendant is that the laundry

2   supervisor, Jacquez, does not issue additional clothing in winter.  Plaintiff does not allege

3   facts surrounding any request he made to Jacquez for additional clothing or Jacquez's

4   response.

5        A prison inmate's claim for unconstitutional conditions of confinement arises under

6   the Eighth Amendment's prohibition against cruel and unusual punishment.  Bell v. Wolfish,

7   441 U.S. 520 (1979).  To state a claim for unconstitutional conditions of confinement, a

8   plaintiff must allege that a defendant's acts or omissions have deprived the inmate of "the

9   minimal civilized measure of life's necessities" and that the defendant acted with deliberate

10   indifference to an excessive risk to inmate health or safety.  Allen v. Sakai, 48 F.3d 1082,

11   1087 (9th Cir. 1994) (citing Farmer v. Brennan, 511 U.S. 825 (1994)); see Estate of Ford v.

12   Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  That is, a plaintiff must allege a

13   constitutional deprivation that is objectively "sufficiently serious" to result in the denial of

14   "the minimal civilized measure of life's necessities."  Farmer, 511 U.S. at 834.  "Indigent

15   inmates have the right to personal hygiene supplies such as toothbrushes and soap," but

16   whether conditions of confinement rise to the level of a constitutional violation may depend,

17   in part, on the duration of an inmate's exposure to those conditions.  Keenan v. Hall, 83 F.3d

18   1083, 1089, 1091 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87 (1978)).  A

19   plaintiff must also allege facts supporting that the prison official had a "sufficiently culpable

20   state of mind," i.e., that the official acted with deliberate indifference to inmate health or

21   safety.  Farmer, 511 U.S. at 834.  In defining "deliberate indifference" in this context, the

22   Supreme Court has imposed a subjective test, "the official must both be aware of the facts

23   from which the inference could be drawn that a substantial risk of serious harm exists, and

24   he must also draw the inference."  Id. at 837.  "'The circumstances, nature, and duration of

25   a deprivation of [] necessities must be considered in determining whether a constitutional

26

27   ————————————

28        [2]  Plaintiff also alleges that ADC confiscates the purchased clothing without reimbursing the inmates therefor.  He does not, however, allege that he has had purchased clothing confiscated.

1  violation has occurred.'" <u>Hearns v. Terhune</u>, 413, F.3d 1036, 1042 (9th Cir. 2005) (quoting

2  <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000)).

3      Plaintiff has not alleged facts to support that the denial of additional clothing to

4  indigent inmates for outdoor recreation during winter posed a substantial risk of harm to him.

5  He also fails to allege facts to support that he requested but was denied additional clothing

6  for outdoor recreation and/or that such denial of additional clothing resulted in a long-term

7  denial of outdoor recreation.  Plaintiff also has not set forth facts to support that any

8  Defendant acted with deliberate indifference to a substantial risk of serious harm caused by

9  a failure to provide additional clothing for outdoor recreation.  For these reasons, Count III

10  fails to state a claim.

11      **F.    Counts IV and V**

12      In Counts IV and V, Plaintiff alleges that Defendants violated his First, Fifth, Sixth,

13  Eighth, and/or Fourteenth Amendment rights by refusing to enforce or comply with a

14  conditional agreement entered in <u>Does 1-5 v. Stewart</u>, CV 96-0486-PHX-WFN.  <u>Does 1-5</u>

15  was a class action in which a Settlement Agreement was filed on July 13, 2000.  The

16  Settlement Agreement incorporated by reference a "Proposed Remedial Plan by the Arizona

17  Department of Corrections Re: Protective Segregation Issues," and provided for a monitoring

18  period of eighteen months.  The monitoring period concluded and, on June 19, 2002, the

19  action was dismissed with prejudice as contemplated in the Settlement Agreement.

20      The monitoring period under the Proposed Remedial Plan and the underlying case,

21  <u>Does 1-5</u>, ended long ago.  The terms of the Plan did not extend indefinitely into the future

22  but expired when the eighteen month period ended; Plaintiff may not now attempt to enforce

23  the terminated Plan in a separate civil rights action.  <u>See</u> <u>Cagle v. Sutherland</u>, 334 F.3d 980,

24  986 (11th Cir. 2003); <u>Klein v. Zavaras</u>, 80 F.3d 432, 435 (10th Cir. 1996); <u>DeGidio v. Pung</u>,

25  920 F.2d 525, 534 (8th Cir.1990); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1122-23 (5th Cir.

26  1986).  Further, any request for relief from the final judgment in <u>Does 1-5</u> must be brought

27  by a party to the judgment through counsel for the class.  <u>See</u> <u>Citibank Int'l v. Collier-Traino,</u>

28  <u>Inc.</u>, 809 F.2d 1438, 1440-41 (9th Cir. 1987).  Finally, standing alone, the Settlement

1   Agreement and Plan in <u>Does 1-5</u> cannot serve as a substantive basis for a § 1983 claim for

2   relief because neither created "rights, privileges, or immunities secured by the Constitution

3   and laws." <u>Green</u>, 788 F.3d at 1123-24.  Rather, they were the means by which then-existing

4   unconstitutional conditions were corrected.  <u>See</u> <u>id.</u> at 1123.  In short, Plaintiff may not

5   properly seek § 1983 relief to enforce <u>Does 1-5</u> or the Plan in this action; instead, he must

6   allege how *his* particular federal constitutional or statutory rights have been violated by the

7   Defendants.  Because the only basis for relief asserted in Counts IV and V is violation of the

8   Settlement Agreement and/or the Plan in <u>Does 1-5</u>, Plaintiff fails to state a claim in these

9   counts.

10         **G.    Retaliation**

11         In Count VI, Plaintiff alleges that Defendants Schriro, Rollins, Stewart, Arnold,

12   Marsh, Wrona, Schitter, Burch, Scott and Neal have retaliated against "plaintiffs" by

13   removing and confiscating wall mirrors and plastic store-bought mirrors from protective

14   segregation inmates.  He contends Defendants are retaliating and discriminating against

15   protective segregation inmates, who must now shave without a mirror, causing "cuts and

16   injury."  He alleges that the removal or confiscation of mirrors violates ADC policies.

17         To state a viable constitutional claim for retaliation, a plaintiff must allege that a

18   defendant acting under color of state law took adverse action against him because he engaged

19   in protected conduct, that the adverse action was not narrowly tailored to advance legitimate

20   correctional goals, and that the adverse action chilled the plaintiff's exercise of his First

21   Amendment rights or caused the prisoner to suffer more than minimal harm.  <u>Rhodes v.</u>

22   <u>Robinson</u>, 408 F.3d 559, 567-58 (9th Cir. 2005); <u>see also Hines v. Gomez</u>, 108 F.3d 265, 267

23   (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted

24   in retaliation for the exercise of a constitutionally-protected right, and (2) that the action

25   "advanced no legitimate penological interest").  An inmate may also state a constitutional

26   violation where, for example, he alleges that a grievance was denied in retaliation for

27   exercising a constitutionally-protected right, <u>see</u> <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th

28   Cir. 1995), or in retaliation for filing a grievance, <u>Valandingham v. Bojorquez</u>, 866 F.2d

1135, 1138 (9th Cir. 1989).

Plaintiff fails to allege facts to support that anyone has retaliated against him for engaging in constitutionally-protected activities, nor does he allege facts to support that his First Amendment rights were chilled or that he suffered more than minimal harm.  For these reasons, Plaintiff fails to state a claim in Count VI.

**V.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis,* filed with the Complaint, is **granted**.

(2)      As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $18.38.

(3)      The Complaint (doc.# 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed  to file a first amended complaint in compliance with this Order.

(4)      If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 14th day of April, 2008.

Mary H. Murguia
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<u>Phoenix & Prescott Divisions</u>:      **OR**      <u>Tucson Division</u>:
U.S. District Court Clerk                                    U.S. District Court Clerk
U.S. Courthouse, Suite 130                             U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10           405 West Congress Street
Phoenix, Arizona  85003-2119                       Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name: _____
> Address:_____
>          Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,        )
(Full Name of Plaintiff)            Plaintiff,           )
                                                                    )
                                        vs.                       )    **CASE NO.** _____
                                                                    )                (To be supplied by the Clerk)
(1) _____ ,        )
(Full Name of Defendant)                                )
(2) _____ ,        )
                                                                    )        **CIVIL RIGHTS COMPLAINT**
(3) _____ ,        )        **BY A PRISONER**
                                                                    )
(4) _____ ,        )        ☐ Original Complaint
                                Defendant(s).              )        ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.        )        ☐ Second Amended Complaint

## A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
         ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
         ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
         ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

**B.  DEFENDANTS**

1.   Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
                     (Position and Title)                                        (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
                     (Position and Title)                                        (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
                     (Position and Title)                                        (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
                     (Position and Title)                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.   Have you filed any other lawsuits while you were a prisoner?      ☐ Yes      ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count I**. Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count I? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count I to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
   _____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes  ☐ No
    b.   Did you submit a request for administrative relief on Count II?    ☐ Yes  ☐ No
    c.   Did you appeal your request for relief on Count II to the highest level?    ☐ Yes  ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail              ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                              ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count III?          ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                            DATE                                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.