1  **WO**                                                                                    SC

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                          **FOR THE DISTRICT OF ARIZONA**

8

9  Rosario Hernandez,                    )    No. CV 08-245-PHX-MHM (ECV)
                                          )
10              Plaintiff,                )    **ORDER**
                                          )
11  vs.                                   )
                                          )
12  Director Dora Schriro, et al.,        )
                                          )
13              Defendants.               )
                                          )
14  _____      )

15          Plaintiff Rosario Hernandez, who is confined in the Arizona State Prison, Eyman-

16  Special  Management Unit I (SMU I) in Florence, Arizona, filed a *pro se* civil rights

17  Complaint pursuant to 42 U.S.C. § 1983, which was dismissed with leave to amend.  (Doc.#

18  1, 3.)[1]  Plaintiff has filed a First Amended Complaint.  (Doc.# 5.)  The Court will order

19  Defendants Schriro, Rollins, Stewart, Arnold, Marsh, Schitter, Burch, Scott, Wrona, Neal,

20  and Jaquez to respond to Counts I-III of the Complaint and will dismiss the remaining claim

21  and Defendants without prejudice.

22  **I.      Statutory Screening of Prisoner Complaints**

23          The Court is required to screen complaints brought by prisoners seeking relief against

24  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

25  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

26  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

27

28

_____

[1]  "Doc.#" refers to the docket number of filings in this case.

**TERMPSREF**

1  be granted, or that seek monetary relief from a defendant who is immune from such relief.

2  28 U.S.C. § 1915A(b)(1), (2).

3  **II.    First Amended Complaint**

4          Plaintiff alleges four counts for relief for unconstitutional conditions of confinement

5  and deprivation of due process.  He sues numerous defendants who are all employed by the

6  Arizona Department of Corrections (ADC), including Director Dora Schriro and Warden of

7  Regional Operations, Bennie Rollins.  In addition, he sues the following ADC staff, who are

8  all employed at the Eyman-SMU I Complex:  Warden R. Stewart; Deputy Warden James

9  Arnold; Assistant Deputy Warden Jackie Marsh; Complex Chief of Security, Captain B.

10 Schitter; Complex Chief of Operations, F. Burch; Security Operations Lieutenant Scott;

11 Corrections Officers M. Wrona and J.T. Neal; and Corrections Officer and Laundry

12 Supervisor, Robert Jacquez.  He also sues Does 1-100.  Plaintiff seeks declaratory,

13 injunctive, compensatory, and punitive relief.

14 **III.   Failure to State a Claim**

15         To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

16 conduct about which he complains was committed by a person acting under the color of state

17 law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

18 Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he

19 suffered a specific injury as a result of the conduct of a particular defendant and he must

20 allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.

21 Goode, 423 U.S. 362, 371-72, 377 (1976).

22         **A.     Does 1-100**

23         Plaintiff sues Doe Defendants 1-100.  Generally, the use of anonymous type

24 appellations to identify defendants is not favored.  Rule 10(a) of the Federal Rules of Civil

25 Procedure requires the plaintiff to include the names of the parties in the action.  As a

26 practical matter, it is impossible in most instances for the United States Marshal or his

27 designee to serve a summons and complaint or amended complaint upon an anonymous

28 defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff may use the discovery processes to obtain the names of the persons whom he believes violated his constitutional rights.  If Plaintiff discovers the true identities of these defendants through the discovery process, or otherwise, he may seek leave of the Court to amend his Complaint to name these individuals.

**B.    Count IV**

In Count IV, Plaintiff merely makes "general factual allegations" rather than to state a separate count for relief.  Accordingly, Count IV will be dismissed as a count.

**IV.   Claims for Which an Answer Will be Required**

Plaintiff sufficiently alleges unconstitutional conditions of confinement in Counts I and II and a deprivation of due process in Count III against Defendants Schriro, Rollins, Stewart, Arnold, Marsh, Schitter, Burch, Scott, Wrona, Neal, and Jaquez.  They will be required to respond to the First Amended Complaint.

**V.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

/      /      /

**C.  Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Count IV and Defendants Doe 1-100 are **dismissed** without prejudice.

(2)  Defendants Schriro, Rollins, Stewart, Arnold, Marsh, Schitter, Burch, Scott, Wrona, Neal, and Jaquez must answer Counts I-III of the First Amended Complaint.  (Doc.# 5.)

(3)  The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc.# 5), this Order, and both summons and request for waiver forms for Defendant Schriro, Rollins, Stewart, Arnold, Marsh, Schitter, Burch, Scott, Wrona, Neal, and Jaquez.

(4)  Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(6)   The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(7)   The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)  personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)  within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)   **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)   Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

1    (11)    This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules

2  72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

3    DATED this 19th day of June, 2008.

4

5

6    _____
     Mary H. Murguia
7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28