**WO**                                                                        SVK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Rosario Hernandez, | ) | No. CV 08-0245-PHX-MHM (ECV) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Director Dora Schriro, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Rosario Hernandez filed this civil rights action under 42 U.S.C. § 1983 against various officials and employees of the Arizona Department of Corrections (ADC). (Doc. #5.) Defendants move to dismiss certain claims on the ground that Plaintiff failed to exhaust his administrative remedies. (Doc. #22.) The Court issued an Order, required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), informing Plaintiff of his obligation to respond and the evidence necessary to rebut Defendants' contentions. (Doc. #23.) Plaintiff filed no response. The matter is ready for ruling, and the Court will grant the motion in part and deny it in part.

**I.      Background**

In his First Amended Complaint, Plaintiff alleged four counts for relief for unconstitutional conditions of confinement and deprivation of due process. Upon screening pursuant to 28 U.S.C. § 1915A(a), the Court found that Plaintiff sufficiently alleged unconstitutional conditions of confinement in Counts I and II and a deprivation of due process in Count III against Schriro, Rollins, Stewart, Arnold, Marsh, Schitter, Burch, Scott,

1
2

Wrona, Neal, and Jaquez.  The Court directed those Defendants to answer and dismissed the remaining Defendants and Count IV.  (Doc. #7.)

3
4
5
6
7
8

Defendants now move to dismiss the claims within Counts I, II, and III regarding lack of outside exercise, cell temperature, denial of clothing, denial of bedding, denial of fans, sensory and social deprivation, length and number of telephone calls, non-contact visitation, cell illumination, enforced idleness unique to ADC, and denial of legal access at Special Management Unit (SMU) I on the grounds of failure to exhaust administrative remedies. (Doc. #22 at 4.)

9

**II.    Motion to Dismiss**

10

**A.    Legal Standard**

11
12
13
14
15
16
17
18

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted.  See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  He must complete the administrative review process in accordance with the applicable rules.  See Woodford v. Ngo, 548 U.S. 81, 92 (2006).  Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

19
20
21
22
23
24
25

Exhaustion is an affirmative defense.  Jones v. Bock, 549 U.S. 199, 216 (2007). Defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt, 315 F.3d at 1119.  Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact.  Id. at 1119-20.  Further, a court has broad discretion as to the method to be used in resolving the factual dispute.  Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

26

**B.    Parties' Contentions**

27
28

In support of their motion, Defendants submit the declaration of Aurora Aguilar, Hearing Officer at ADC's Central Office (Doc. #22, Ex. B Aguilar Decl. ¶ 1), Department

1   Order (DO) 802, Inmate Grievance System (id., Ex. B, Attach. 1); several of Plaintiff's

2   grievance documents and the responses (id., Attachs. 2-3); and other documents.

3          Defendants assert that at the time relevant to Plaintiff's Complaint, ADC had a three-

4   tiered grievance procedure governed by DO 802.  (Id., Aguilar Decl. ¶ 2.)  DO 802

5   establishes the policy for inmates to follow to complete the prison administrative grievance

6   process for "property, staff, visitation, mail, food services, institutional procedures,

7   Department Written Instructions, program access, medical care, religion and conditions of

8   confinement" issues through the Director's level.  (Id.)  Defendants assert that failure to

9   appeal an issue through to the Director's level constitutes a failure to exhaust the

10  administrative remedies provided by the ADC grievance process pursuant to DO 802.  (Id.

11  ¶ 11.)  A copy of DO 802 is maintained at each ADC housing unit and is available to all

12  prison inmates.  (Id.)

13         Aguilar attests that she reviewed grievance appeals submitted to the ADC Director

14  from January 2006 to present; Plaintiff submitted two standard grievance appeals to the

15  Director's level on January 8, 2007, cases # A30-127-006 and # A30-131-006.  (Id. ¶¶ 6–7.)

16  In the first grievance, the issue was protective segregation inmates' access to programs and

17  privileges.  (Id. ¶ 8.)  In the second grievance, the issue raised was Plaintiff's assignment to

18  SMU I without due process.  (Id. ¶ 9.)  Aguilar attests that Plaintiff did not file a grievance

19  regarding the issues of lack of outside exercise, cell temperature, denial of clothing, denial

20  of bedding, denial of fans, sensory and social deprivation, length and number of telephone

21  calls, non-contact visitation, cell illumination, enforced idleness unique to ADC, and denial

22  of legal access at SMU I.  (Id. ¶ 10.)

23          Plaintiff did not file a response to the motion.  In his First Amended Complaint, he

24  asserted as to all counts that he exhausted his administrative remedies to the highest levels.

25  (Doc. #7 at 3-5.)

26         **C.     Analysis**

27         The Court finds that Defendants have met their burden to demonstrate failure to

28  exhaust remedies as to the lack of outside exercise, cell temperature, denial of clothing,

1    denial of bedding, denial of fans, sensory and social deprivation, length and number of

2    telephone calls, non-contact visitation, cell illumination, enforced idleness unique to ADC,

3    and denial of legal access at SMU I raised in Counts I and II.  Defendants submit evidence

4    that there is a grievance system, that inmates are informed of the process, that the grievance

5    policy does not restrict the type of grievances an inmate may submit, and that Plaintiff did

6    not file any grievances on the stated issues.  Although Plaintiff alleged in his First Amended

7    Complaint that he exhausted his remedies, he filed no response to the Motion to Dismiss.

8    Plaintiff's assertions in his verified First Amended Complaint are insufficient to overcome

9    Defendants' evidence of an available remedy and Plaintiff's failure to exhaust it.  The court

10   will dismiss the claims without prejudice.

11          But to the extent that Defendants seek to dismiss claims in Count III, the Court will

12   deny the motion.  In the First Amended Complaint, Plaintiff specifically designates Count

13   III as a due process claim, unlike Counts I and II, which are designated as challenges to the

14   conditions of confinement.  (Doc. #7.)  The Court finds that Count III is fairly construed as

15   a claim for deprivation of liberty and property by assignment to SMU I without due process,

16   not a separate complaint about the conditions of confinement there.  Defendants own

17   evidence demonstrates that Plaintiff filed a grievance about his assignment to SMU I without

18   due process, and they make no other argument about failure to exhaust as to that issue.

19   **III.    Failure to State a Claim**

20          The Court finds that when the non-exhausted matters are eliminated from Counts I and

21   II, the Counts fail to state a claim.  Although Count I describes the conditions of Plaintiff's

22   indoor exercise, the Court finds that the gravamen of the specific complaint is the lack of

23   outdoor exercise. (Doc. #7 at 3b ¶ h.)  Likewise, although Plaintiff describes the non-contact

24   visits, the gravamen of that complaint is the lack of contact visits.  (Id. ¶ i.)  Similarly, the

25   complaint about cell illumination is the focus of ¶ k.  Absent the non-exhausted allegations,

26   Counts I and II do not state claims and will be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii).

27   ///

28

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Dismiss (Doc. #22).

(2)     Defendants' Motion to Dismiss (Doc. #22) is **granted in part and denied in part** as follows:

(a)     **granted** as to claims for the lack of outside exercise, cell temperature, denial of clothing, denial of bedding, denial of fans, sensory and social deprivation, length and number of telephone calls, non-contact visitation, cell illumination, enforced idleness unique to ADC, and denial of legal access at SMU I raised in Counts I and II, which are **dismissed without prejudice**; and

(b)     **denied** in all other respects.

(3)     Counts I and II are dismissed for failure to state a claim.

(4)     The remaining claim is Count III.

DATED this 4th day of May, 2009.

_____
Mary H. Murguia
United States District Judge

- 5 -